UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. POKLADEK,

        Plaintiff,        Case No. 1:15-cv-425

v.        Hon. Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated by the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU). However, some of the incidents allegedly occurred at Woodland Correctional Center (WCC). Since filing this action, plaintiff has been paroled. *See* Amend. Compl. (docket no. 7, PageID.19). This matter is now before the Court on a motion to dismiss filed by defendant MDOC (docket no. 13) and a motion for summary judgment filed by defendants Krantz and Sata (docket no. 15).

    **I.**    **Plaintiff's complaint**

Plaintiff's amended complaint listed four defendants: MTU Psychiatrist Dr. Tuong Thai; the MDOC; Corrections Officer (CO) Krantz; and CO Sata. Amend. Compl. at PageID.20. Plaintiff's claims are summarized as follows. In November or December 2013, plaintiff was sent to WCC to receive medication for insomnia. While plaintiff was incarcerated at WCC, CO Krantz assaulted him. After this incident, plaintiff was placed on Prolixin, a powerful anti-psychotic

medication. Plaintiff alleged that defendant Dr. Thai failed to follow proper procedures and provided inaccurate information to the mental health panel that approved the use of Prolixin against plaintiff's will. Plaintiff withdrew his consent for treatment because he never exhibited psychotic behavior warranting treatment with Prolixin. Plaintiff alleged that being on Prolixin was physical and mental torture, and that he suffered side effects from the drug, including stuttering, extreme stiffness, memory problems, inability to write, and insomnia. Finally, plaintiff alleged that CO Sata pushed him and threatened him. Amend. Comp. at PageID.21-23. For his relief, plaintiff seeks $750,000.00 in damages from the MDOC and injunctive relief "that the MDOC reevaluate its policies regarding involuntary medications." *Id.* at PageID.24.

## II. Defendant Krantz and Sata's motion for summary judgment

Construing the amended complaint liberally, the Court concludes that plaintiff has alleged Eighth Amendment claims against CO Krantz and CO Sata. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) ("*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed") (internal quotation marks omitted). Both Krantz and Sata seek summary judgment on these claims pursuant to Fed. R. Civ. P. 56 on the ground that the claims are unexhausted. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

Krantz and Sata have presented evidence establishing that plaintiff did not properly exhaust any claims against them. *See* Defendants' Brief (docket no. 16); Nurrenberg Affidavit (docket no. 16-3, PageID.63); MDOC Prisoner Step III Grievance Report (docket no. 16-3, PageID.64); Copy of grievance (docket no. 16-3, PageID.65-69). Plaintiff does not contest their motion, stating that he "will concur with defendant's [sic] motion to [sic] for summary judgment against defendants Sata and Krantz, as he did not properly exhaust the grievance process in regards to that incident." Plaintiff's Response (docket no. 20); Signature page (docket no. 22). Accordingly, defendants Krantz and Sata's motion for summary judgment should be granted.

### III.   Defendant MDOC's motion to dismiss

Defendant MDOC has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, while *pro se* pleadings are to be liberally construed, *see Williams*, 631 F.3d at 383, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Construing the amended complaint liberally, plaintiff appears to allege that the MDOC violated his Fourteenth Amendment right to refuse medication. *See Washington v. Harper*, 494 U.S. 210, 221-22, 229 (1990) (recognizing that a prison inmate with a serious mental illness has a constitutionally-protected liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment and that "[t]he forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty").

Defendant MDOC contends that it is immune from suit under § 1983. The Court agrees. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782

(1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100. Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 977 (6th Cir. 1986). *See McCoy v. Michigan*, 369 Fed.Appx. 646, 653-54 (6th Cir. 2010) ("[b]ecause sovereign immunity extends to state instrumentalities, and the MDOC is an arm of the State of Michigan, the MDOC is entitled to sovereign immunity on the § 1983 claim) (internal quotation marks and citations omitted). Accordingly, the MDOC's motion to dismiss should be granted.

## IV.     RECOMMENDATION

For these reasons, I respectfully recommend that defendant MDOC's motion to dismiss (docket no. 13) and defendant Krantz and Sata's motion for summary judgment (docket no. 15) be **GRANTED** and that these defendants be **DISMISSED** from this action.


Dated: August 9, 2016                /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).